UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and the BOARD OF TRUSTEES of )
the Greater St. Louis Construction Laborers Welfare )
Fund; CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee ) Case No.
benefit plan, and the BOARD OF TRUSTEES of )
the Construction Laborers Pension Trust of Greater St. )
Louis; ST. LOUIS VACATION FUND, an employee )
benefit plan, and the BOARD OF TRUSTEES of the )
St. Louis Vacation Fund; CONSTRUCTION )
LABORERS & CONTRACTORS TRAINING FUND )
OF EASTERN MISSOURI, an employee benefit plan, )
and the BOARD OF TRUSTEES of the Construction )
Laborers & Contractors Training Fund of Eastern )
Missouri; and LOCAL UNION NOS. 42-110, )
LABORERS INTERNATIONAL UNION OF NORTH )
AMERICA, AFL-CIO, labor organizations, )
 )
    Plaintiffs, )
 )
v. )
 )
STF, LLC d/b/a TRAFFIC CONTROL, )
 )
    Defendant. )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.    Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Welfare Fund is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502

1

of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Vacation Fund is the Plan Sponsor of the Vacation Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant STF, LLC doing business as Traffic Control is a company registered in the state of Missouri as a limited liability corporation with its principal place of business in St. Louis County, and which regularly conducts business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7. This Court has jurisdiction by reason of Sections 502(a)(3) (ii), (d), and 515 of the Employee Retirement Income Security Act of 1974, as amended, §1132(a)(3)(ii) and (d) and §1145, and Section 301(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(c).

8. At times material, defendant was bound by the provisions of a collective bargaining agreement, requiring monthly payments to the employee benefit funds in specified amounts and the submission of monthly reports.

9. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions, plus interest, accounting costs, attorneys' fees and court costs.

10. Said collective bargaining agreement and the plans adopted by the Boards of Trustees of the plaintiff funds also provide that the plaintiffs shall be entitled to perform a financial

examination of defendant's books and records periodically to ensure that employee benefit payments have been properly made in accordance with the terms of the agreement.

11. An audit was performed on defendant's records for the period of January 2013 to December 2015. This audit reflects that defendant owes contributions of $24,919.20, liquidated damages of $8,423.79, interest of $9,059.63, supplemental union dues of $2,318.32 and audit fees of $8,594.00, for a total of $57,314.94.

12. It is impossible to know the full amount owed to the plaintiffs subsequent to December 2015 without a financial examination of the defendant's books and records, to which plaintiffs are contractually entitled.

13. Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' and accounting fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the Funds' trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1.For a judgment against defendant in the total amount of $57,314.94 for contributions, interest, liquidated damages and audit costs for the period of January 2013 to December 2015;

2.For an interlocutory Order of Accounting requiring defendants to submit their books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs during the period of January 2016 to the present;

3.For a judgment against defendant based upon amounts found owing by the audit, including, but not necessarily limited to, contributions, liquidated damages, and interest;

4. For an Order requiring defendant to make payments in the future to the plaintiffs in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

5. For an Order requiring defendant to pay plaintiffs' reasonable attorneys' fees, accounting fees, and costs pursuant to 29 U.S.C. §1132(g);

6. For such other and further relief as the Court may consider appropriate under the circumstances.

      Respectfully submitted,

      HAMMOND and SHINNERS, P.C.
      13205 Manchester Rd., Suite 210
      St. Louis, Missouri  63131
      Phone: (314) 727-1015
      Fax:    (314) 727-6804

          /s/Greg A. Campbell
      GREG A. CAMPBELL, #35381
      Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 17, 2021, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

/s/ Greg A. Campbell